UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                               :

CHLOE SAS,

               Plaintiff,              :       07 CV 8861 (CSH)(MHD)

                               :

       -against-                   :       <u>STIPULATION</u> AND ORDER

                               :

MELISSA WAGNER, *et al.*,

                               :

            Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IT IS HEREBY STIPULATED THAT:

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY  FILED            │
│ DOC #: _____                    │
│ DATE FILED: 6-10-08              │
└─────────────────────────────────┘
```

     1. Plaintiff's application for a preliminary injunction against defendant iOffer, Inc. ("iOffer"), is adjourned to January 22, 2008, at 10:00 a.m.

     2. In the interim, the temporary restraining order heretofore granted against iOffer *ex parte* shall be continued, pending further application by either party and order of the Court.

     3. No breach of the temporary restraining order shall be claimed by plaintiff unless plaintiff provides written notice of such breach to iOffer in the manner indicated below, following which notice iOffer shall have forty-eight (48) hours (but not less than thirty-six (36) hours during business days) within which to cure said breach to plaintiff's reasonable satisfaction; provided, however, that plaintiff shall not be required to provide such notice if the breach by iOffer is chronic or repetitive in nature, meaning that it is the same violation of which plaintiff has already provided notice to iOffer pursuant to this paragraph. It is specifically agreed that if a webpage's interactivity has been disabled within the cure period, but the page can still be viewed in a search for not more than 24 hours after its interactivity has been disabled, it will be deemed to have been taken down within the cure period. Notice under this paragraph 3 shall be sent via e-mail to copyright@ioffer.com and ryan@ioffer.com and the e-mail addresses set forth for iOffer in paragraph 8.

     4. Plaintiff shall promptly inquire of defendant Melissa Wagner's consent to vacatur of the sealing order, and upon receipt of same shall notify the Court that all parties consent to vacatur of the sealing order.

     5. The parties may engage in limited discovery on an expedited basis covering the subjects set forth in the Court's Order of October 15, 2007, granting Expedited Discovery, including discovery from iOffer relating to business methods and practices of iOffer, and any

requests which plaintiff has made of iOffer relating to any defendants, including Wagner and John Does and discovery from plaintiff relating to any specific claimed violations of plaintiff's rights taking place on iOffer.com existing as of today's date, or thereafter, and offers of cooperation which iOffer has extended. The parties shall serve their written discovery demands by October 26, 2007, and their responses and objections if any by November 14, 2007. iOffer shall produce a witness in response to plaintiff's Rule 30(b)(6) designation for a deposition to take place upon a date mutually agreed upon during the period November 26, 2007 to December 14, 2007, in San Francisco, CA. If iOffer's New York counsel elects to participate in plaintiff's deposition of iOffer by videoconference, plaintiff will arrange same at the office of plaintiff's counsel in New York, New York. If settlement is not reached, iOffer shall have the option to take a deposition of plaintiff after plaintiff has deposed iOffer, such deposition to take place at iOffer's attorneys' office in New York City at least thirty (30) days in advance of the date of the evidentiary hearing for the preliminary injunction motion, and plaintiff stipulates to continue the hearing date, and iOffer agrees to continue the temporary restraining order, if needed. Any discovery disputes shall be referred to the Magistrate Judge for resolution. All discovery responses shall be strictly confidential and may not be used for any purpose outside the within litigation. In the event either party chooses to use any part of the other party's discovery responses in connection with any motion or other filed document, it shall file said portion of its papers under seal.

6. In the event iOffer makes a motion to change venue or to dismiss for improper venue, plaintiff shall file its responsive papers, if any, within five (5) business days, and iOffer shall file its reply papers if any within three (3) business days thereafter.

7. iOffer's time to answer or otherwise move with respect to the complaint is adjourned until such time as opposition papers are due under a briefing schedule, which shall have been set or approved by the Court, for the preliminary injunction motion.

8. Any notices or service of papers shall be by transmission of *pdf files by email, if to iOffer addressed to rbeckerman@vanfeliu.com, mtrogers@vanfeliu.com, and aakorn@igc.org, and if to plaintiff to kaysers@howrey.com, mccarneyj@howrey.com, coopera@howrey.com and newmant@howrey.com; each party undertakes to promptly acknowledge receipt by return email; if no acknowledgment is received within 48 hours sender undertakes to make inquiry. Either party may, upon notice as provided above, and without any further Court order, unilaterally amend, add, or subtract, the email addresses to which notice shall be given it, but the total number of email addresses for either party shall not exceed five (5).

/////

Dated: New York, New York
     October 24, 2007

VANDENBERG & FELIU, LLP         HOWREY LLP

By:_____       By:_____
Ray Beckerman (RB8783)            Susan M. Kayser (*pro hac vice*)
Attorneys for Defendant iOffer, Inc.     Attorneys for Plaintiff, Chloé SAS
110 East 42 Street                    153 East 53 Street (54th Fl.)
New York, NY 10017               New York, NY 10022
(212) 763-6800                     (212) 896-6500

SO ORDERED: 10/25/07

Charles S. Haight
U. S. District Judge

3

DM_US:20839903_1