UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| CHLOÉ SAS, | 07 Civ. _____ |
| Plaintiff, | COMPLAINT |
| -against- | TO BE FILED UNDER SEAL[1] |
| MELISSA WAGNER d/b/a "NAPAGIRL," JOHN DOES I-V and iOFFER, INC., | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiff Chloé SAS ("Plaintiff") seeks injunctive and monetary relief from defendants

Melissa Wagner (d/b/a "Napagirl" and other aliases) ("Wagner"), JOHN DOES I-V ("John

Does") and iOffer, Inc. ("iOffer") (collectively, "Defendants") for trademark infringement, false

designation of origin, unfair competition, trademark dilution, deceptive acts and practices, and

misappropriation with respect to Plaintiff's famous mark CHLOÉ.

As alleged more fully below, Defendants have violated, and continue to violate, the

Federal Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051, *et seq.* (the "Federal Trademark

Act"), and New York law through Defendants Wagner's and John Does' (i) unauthorized sale of

counterfeit receipt templates bearing Plaintiff's mark CHLOÉ (the "Counterfeit CHLOÉ Receipt

Templates") on numerous blogs, internet websites, and auction forums and (ii) unauthorized sale

of counterfeit CHLOÉ handbags (the "Counterfeit CHLOÉ Handbags"). Defendant iOffer

supplies a website trading community knowing that third parties, including Defendants Wagner

and John Does, are offering for sale and selling said counterfeit receipt templates on its website,

---

[1] Plaintiff requests that this case be filed under seal so as not to alert the Defendants or other involved parties of the filing of this civil action. The Motion to file this action under seal, an Application seeking an ex parte seizure order, a temporary restraining order, and preliminary injunction, and motions seeking expedited discovery, an asset freeze as to Defendant Melissa Wagner's assets, and motion to appoint counsel as substitute custodians are being filed concurrently herewith.

and has intentionally induced Defendants Wagner and John Does and others to infringe Plaintiff's mark CHLOÉ.

**PARTIES**

1.      Chloé is a corporation organized and existing under the laws of the Republic of France, with its principal place of business located at 5/7 Avenue Percier, 75008 Paris, France. Chloé and its licensees and affiliates are the sole and exclusive distributors in the United States of handbags, receipt labels, and other paper products bearing the CHLOÉ marks (as defined herein).

2.      Upon information and belief, Defendant Wagner is an individual having her principal place of business at 18221 Boxwood Court, Hidden Valley Lake, California 95467, who is consciously engaging in the design, creation, distribution, advertisement, offering for sale, and/or sale of Counterfeit CHLOÉ Receipt Templates under the aliases "Napagirl," "Napagirlbackintown," "Ms. Napagirl," "Napagirl77," "Cdw4x4," "Missywagn," "Designerreceipts," and "luvlouie2" and using several email addresses including napagirl77@gmail.com, celebbags@hotmail.com, luvlouie2@yahoo.com, mrs_melis@yahoo.com and designerreceipts@yahoo.com.

3.      Upon information and belief, John Does I-V are individuals who are also consciously engaging in the design, creation, distribution, advertisement, offering for sale, and/or sale of the Counterfeit CHLOÉ Receipt Templates, or who consciously and directly benefit financially from the design, creation, distribution, advertisement, offering for sale, and/or sale of Counterfeit CHLOÉ Receipt Templates, but whose identity and number are presently unknown.

4.      Upon information and belief, Defendants Wagner and John Does are also consciously engaging in the advertisement, importation, promotion, distribution, offering for sale, and/or sale of Counterfeit CHLOÉ Handbags, or consciously and directly benefiting financially from the advertisement, promotion, distribution, offering for sale, and/or sale of Counterfeit CHLOÉ Handbags.

2

DM_US:20719725_5

5.      Defendant iOffer, Inc. is a California corporation with its principal place of business at 234 Ritch Street, Sunnyvale, CA 94085.  Upon information and belief, Defendant iOffer is supplying an online trading community to Defendants Wagner and John Does to offer for sale and sell Counterfeit CHLOÉ Receipt Templates and/or intentionally inducing others to infringe Plaintiff's mark CHLOÉ.  Upon information and belief, Defendant iOffer has the right and ability to control its members' offerings on its website and is receiving a direct financial interest as a result of such infringing activities.

## JURISDICTION AND VENUE

6.      This is an action arising under the Federal Trademark Act, 15 U.S.C. § 1051, *et seq.* and under the laws of the State of New York.

7.      This Court has jurisdiction under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121(a), and the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).  The parties are diverse and the value of the matter in controversy exceeds the sum or value of $75,000.

8.      Personal jurisdiction is proper over all Defendants pursuant to N.Y.C.P.L.R. § 302(a) because, upon information and belief, all Defendants have transacted and done business in New York, have solicited consumers in this Judicial District, and have offered to sell and/or have sold, or intentionally induced, and/or provided the means to offer to sell and sell, Counterfeit CHLOÉ Receipt Templates and Counterfeit CHLOÉ Handbags to consumers within this Judicial District.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims arose in this Judicial District.

## STATEMENT OF THE CLAIMS

10.     Plaintiff manufactures and sells luxury handbags that it distributes and markets under its own trade name and trademarks, including the mark CHLOÉ.  Plaintiff sells its

DM_US:20719725_5

handbags in both its own boutiques and through various authorized distributors established under strict contractual terms with Plaintiff. Each CHLOÉ handbag sold through a Chloé boutique is sold with a receipt that bears Plaintiff's unique and fanciful mark CHLOÉ.

11.    Plaintiff has long distributed its bags under the mark CHLOÉ to its boutiques and authorized retailers in the United States. Plaintiff currently does business in the United States through Chloe Inc., a division of Richemont North America, located at 730 Fifth Avenue #1601, New York, New York 10019-4105. This New York office has been the United States headquarters for Plaintiff since 1995. A Chloé boutique is located at 850 Madison Avenue, New York, New York.

12.    Luxury handbags bearing the mark CHLOÉ have come to be well-known by the purchasing public throughout the United States as products of the highest quality and exclusively originating from Plaintiff. For decades, this famous, arbitrary and fanciful mark has received enormous exposure in the marketplace. Over the years, millions of consumers have been exposed to the mark CHLOÉ through advertising campaigns, in mainstream and fashion magazines and other periodicals, as depicted on television and in motion pictures, on the Internet, and in other forms of unsolicited media coverage. As a result, Plaintiff's mark CHLOÉ is a widely-recognized trademark in the United States, and popular with consumers, which adds enormous value to the officially manufactured and licensed handbags that bear Plaintiff's mark CHLOÉ.

13.    Defendants, who have no affiliation with Plaintiff or its affiliated companies, have attempted to capitalize on the popularity of the mark CHLOÉ and, upon information and belief, have directly aided in the defrauding of consumers. Upon information and belief, Defendants Wagner and John Does design, offer for sale, sell, and distribute Counterfeit CHLOÉ Receipt Templates which can then be either (i) re–sold with Counterfeit CHLOÉ Handbags to confuse or deceive consumers into believing that they are buying genuine CHLOÉ handbags or (ii) used to commit fraud through the return of Counterfeit CHLOÉ Handbags at authorized Chloé

boutiques. Upon information and belief, Defendant Wagner also imports, advertises, and sells Counterfeit CHLOÉ Handbags to consumers in the United States, including New York.

14.    To ensure that consumers make the association between Defendants Wagner's and John Does' Counterfeit CHLOÉ Receipt Templates and Plaintiff's genuine receipt labels from which they were copied, Defendants Wagner and John Does not only copy the designs, patterns, and presentation associated with Plaintiff's genuine CHLOÉ receipt labels, but also expressly identify the Counterfeit CHLOÉ Receipt Templates as "CHLOÉ" receipts.

15.    Defendants Wagner and John Does have produced and sold the Counterfeit CHLOÉ Receipt Templates without Plaintiff's permission, authorization, or approval. Defendants Wagner's and John Does' conduct is likely to cause, and has caused, consumers to mistakenly believe that the Counterfeit CHLOÉ Receipt Templates sold and promoted by Defendant Wagner are either official CHLOÉ receipts or are otherwise endorsed by or affiliated with Plaintiff, either at the point of sale or when potential consumers see the Counterfeit CHLOÉ Receipt Templates being advertised and/or sold with Counterfeit CHLOÉ Handbags which Defendant Wagner and other third parties advertise and/or sell as genuine CHLOÉ handbags.

16.    Defendant iOffer is facilitating the sale of Counterfeit CHLOÉ Receipt Templates at its website www.ioffer.com by knowingly allowing Defendants Wagner and John Does to offer for sale and sell said counterfeit products. Upon information and belief, Defendant iOffer receives a commission for the sale of each infringing product, has the right and ability to terminate members infringing Plaintiff's mark CHLOÉ, and has the right, ability and control, through filtering and other technological capabilities, to control all member posted content on its website.

17.    For the above reasons, Defendants have caused, and unless enjoined, will continue to cause, Plaintiff irreparable harm for which it has no adequate remedy at law and an incalculable loss of goodwill and damages.

DM_US:20719725_5

## THE CHLOÉ BUSINESS AND MARKS

18.     The CHLOÉ brand of handbags is enormously popular with the general public. Plaintiff's advertising, promotional, and marketing efforts have resulted in widespread and favorable public acceptance and recognition of the CHLOÉ brand of luxury products.  As a result, Plaintiff's marks have become famous and highly valuable.

19.     For over fifty years, Plaintiff and its predecessors-in-interest have produced finely-crafted handbags for women.  Plaintiff's commitment to innovation in design and function, as well as the use of only the finest materials, has brought Plaintiff renown as a leading maker of luxury goods.

20.     Plaintiff is the owner of the right, title, and interest in and to, *inter alia*, the following trademarks and/or service marks that are either federally registered or pending federal registration:

| Mark | Reg./Serial No. | Date of Registration | Class: Services/Goods |
| --- | --- | --- | --- |
| CHLOÉ | 1,513,535 | 11/22/88 | Paper bags, books, fragrances, paper boxes, printed labels, photographs, poster, sketches |
| CHLOÉ | 1,491,810 | 06/14/88 | handbags, purses, travel cases, travelling bags, parasols, umbrellas |
| **Chloé** (stylized) | 950,843 | 01/16/73 | Ladies' articles of clothing for outwear-namely, frocks, dresses, coats, costumes, suits, skirts, blouses, vests and pant-suits; vests, hats and ties; and ladies' shoes. |
| **Chloé** (stylized) | 1,020,289 | 09/16/75 | Perfume |
| **Chloé** (stylized) | 1,103,275 | 10/03/78 | scented body powders, body lotions and body cleansing gels. |
| **Chloé** (stylized) | 1,182,862 | 12/22/81 | Jewelry-Namely, Dress Jewelry; Clothing-Namely, Belts, Scarves, Frocks, Dresses, Coats, Costumes, Suits, Skirts, Blouses, Vests and Pantsuits, Hats and Ties and Ladies Shoes, Fur Coats, Jackets, Stoles, Hats, Muffs, Capes, Fur-Lined Raincoats and Said Garments Made of Skin, Lingerie. |
| CHLOÉ | 1,925,176 | 10/10/95 | sunglasses, cases and containers for such sunglasses |

DM_US:20719725_5

| Mark | Reg./Serial No. | Date of Registration | Class: Services/Goods |
|---|---|---|---|
| CHLOÉ | 2,745,487 | 08/05/03 | jewelry; horological and chronometric instruments, namely, watches and clocks; watch straps; parts and fittings for all the aforesaid goods |
| CHLOÉ | 3,198,388 | 01/16/07 | Optical apparatus and instruments, namely, spectacles, sunglasses, eyeglasses, eye shades, and contact lenses, and frames, earpieces, lenses, cords, chains, cases and containers therefore |
| **Chloé** (stylized) | 78,761,371 | Pending | Goods made of leather and imitations of leather, namely, handbags, purses, traveling cases, traveling bags, luggage, backpacks, toiletry cases sold empty, credit card cases and holders, key cases, coin purses. |

21.     Attached hereto as collective Exhibit 1 are true and correct copies of the United States Patent and Trademark Office certificates of registration listed above that, in accordance with §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 7(b) and 1072, constitute constructive notice of Plaintiff's ownership of these trademarks.  All of the registrations set forth in Exhibit 1 are valid, subsisting, and owned by Plaintiff.

22.     Registration Nos. 1,513,535, 1,491,810, 950,843, 1,020,289, 1,103,275, 1,182,862, and 1,925,176 have achieved incontestable status and accordingly are conclusive evidence of the validity of and Plaintiff's exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b), respectively.

23.     Plaintiff also owns common law rights in the above-identified marks for use in connection with labels, receipt labels, envelopes, and handbags, among other goods.  These registered and common law trademarks are collectively referred to as the "mark CHLOÉ."

24.     Plaintiff is also the owner of the trade name "CHLOÉ," under which it has offered for sale, promoted, and advertised Plaintiff's products in the United States.

25.     Plaintiff's mark CHLOÉ has been widely promoted, both in the United States and throughout the world, and is widely recognized.  Plaintiff displays the mark CHLOÉ in many advertising and promotional materials.  To date, Plaintiff has spent millions of dollars in

7

advertising and promoting the mark CHLOÉ in connection with handbags, and Plaintiff, its predecessors-in-interest and its affiliated companies have achieved hundreds of millions of dollars in sales.

26.    Plaintiff's extensive and continuous use of the mark CHLOÉ has enabled Plaintiff to achieve fame and celebrity in the handbag market.  Plaintiff's reputation is a direct result of Plaintiff's extensive advertising, promotion, concomitant widespread sales, quality standards, and exclusivity of being sold through exclusive boutiques and authorized distributors.  Indeed, Plaintiff has experienced extensive sales and fame over the past five years as a result of the popularity of a number of *"It"* – meaning, highly sought after – handbags, including but not limited to the "Paddington" and "Bay" style CHLOÉ handbags that are enormously popular with the consuming public.

27.    Based on the extensive sales of Plaintiff's handbags and such handbags' wide popularity, the mark CHLOÉ has developed significance in the minds of the relevant purchasing public, and the products and services utilizing and/or bearing this mark are singularly associated and identified by the purchasing public as originating with Plaintiff.

28.    Each sale of a genuine CHLOÉ handbag through a Chloé boutique is accompanied by a genuine receipt label bearing the mark CHLOÉ.  Accordingly, the public has come to recognize these receipts and labels as identifying genuine CHLOÉ handbags and other goods which originate exclusively from Plaintiff.

## DEFENDANTS' WRONGFUL CONDUCT

### *Defendant Wagner and John Does I-V*

29.    Defendants Wagner and John Does, without authorization or license from Plaintiff, have willfully and intentionally used, reproduced, and/or copied Plaintiff's mark CHLOÉ in connection with designing, creating, distributing, marketing, selling, and/or offering to sell Counterfeit CHLOÉ Receipt Templates to purchasers in the State of New York and interstate commerce.

8

30.    Attached as Exhibit 2 is a true and accurate copy of the Counterfeit CHLOÉ

Receipt Template purchased from Defendant Wagner along with instructions detailing how to

customize the receipt and make it appear authentic.   A true and accurate image of the receipt

label included in the Counterfeit CHLOÉ Receipt Template purchased from Defendant Wagner

is set forth below:



31.    Defendant Wagner freely admits that this template is the "replica of an original

boutique receipt."  An excerpt of the Counterfeit Receipt Template purchased from Defendant

Wagner with instructions on creating the counterfeit CHLOÉ receipt labels is set forth below:

> Thanks for buying my template for Chloe
> receipts. This template was made completely by
> myself and is a replica of an original boutique
> receipt. You can now customise this for yourself by
> changing the store address, bags style, price, date
> ect.
>     Chloe receipts are printed on standard A4
> paper. You should cut it to this size:
>     W 15" x  H 19.5"
> As stated in the ad, I give you full rights to print and
> sell these receipts, but I do not give the rights to
> resell the template.
>     Enjoy!

32.    Even though the Counterfeit CHLOÉ Receipt Templates sold by Defendant Wagner are of significantly inferior quality and design, they appear to be substantially indistinguishable from Plaintiff's genuine receipt labels that are distributed in connection with the purchase of authentic CHLOÉ handbags. Defendant Wagner's Counterfeit CHLOÉ Receipt Templates are substantially similar to Plaintiff's genuine receipt labels, including: (i) identical representations of the mark CHLOÉ above the boutique address; (ii) an invoice number; (iii) a sales associate number; and (iv) customized purchaser information.

33.    Defendant Wagner also offers for sale and sells, as part of the "designer receipt template," a replica of a CHLOÉ envelope and printed label. Defendant Wagner's Counterfeit CHLOÉ Receipt Template including the replica of the CHLOÉ envelope and printed label are shown in Exhibit 2. A genuine CHLOÉ receipt label, envelope, and printed label from the Plaintiff's New York boutique is shown in Exhibit 3.

34.    The design of the Counterfeit CHLOÉ Receipt Templates, including the display of the mark CHLOÉ, communicates to consumers that the Counterfeit CHLOÉ Receipt Templates originate from, were manufactured, licensed, approved, sponsored by, or are otherwise affiliated with Plaintiff. Accordingly, members of the consuming public and others are likely to be confused or deceived into believing that Defendant Wagner's Counterfeit

10

CHLOÉ Receipt Templates emanate from, are sponsored or approved by, or are otherwise affiliated with Plaintiff.

35.    Defendant Wagner is currently advertising the Counterfeit CHLOÉ Receipt Templates on numerous blogs, websites, and online auction websites.  For example, shown below is a screen shot of Defendant Wagner's personal website at http://vuitton-fendi-gucci-elux-receipts.blogspot.com where Defendant Wagner is selling the Counterfeit CHLOÉ Receipt Templates:



36.    Additionally, Defendant Wagner is advertising, has sold, or is currently selling, Counterfeit CHLOÉ Receipt Templates at the following eighteen websites:  (i) <iOffer.com>; (ii) <Tradekey.com>; (iii) <Bidmonkey.com>; (iv) <Planetout.com>; (v) <Sell.com>; (vi) <Obo.com>; (vii) <BST.com>; (viii) <Apparelsearch.com>; (ix) <Voy.com>; (x) <ICQ.com>; (xi) <Googlegroups.com>; (xii) <Nnseek.com>; (xiii) <Theowljournal.com>; (xiv)

11

<messageboards.aol.com>; (xv) <bluesuitmom.com>; (xvi) <forums.yeahsites.com>; (xvii) <messages.yahoo.com>; and (xiii) <b2bfreezone.com>. True and correct copies of excerpts of the foregoing websites are attached hereto as collective Exhibit 4.

37.    Upon information and belief, numerous individuals are re–selling Defendant Wagner's counterfeit CHLOÉ product, as either counterfeit receipt labels or the template itself.

38.    Upon  information and belief, a seller by the name of "Vinavica" on <iOffer.com> has sold counterfeit CHLOÉ receipt labels bearing either the same or nearly identical sales associate numbers, client numbers, transaction numbers, and receipt numbers as the Counterfeit CHLOÉ Receipt Templates designed, offered for sale, and sold by Defendant Wagner.  A true and correct copy of the Counterfeit CHLOÉ Receipt labels sold by Vinavica on <iOffer.com> is attached hereto as Exhibit 5.  Set forth below is a side-by-side comparison of the Counterfeit CHLOÉ Receipt Templates being sold by Defendant Wagner appearing on the left and the Counterfeit CHLOÉ receipt labels being sold by Vinavica on the right.

DM_US:20719725_5

Defendant Wagner's Receipt Template        "Vinavica" Receipt Label







---

[1] Both receipts bear identical sales associate numbers (31545825).

[2] Both receipts bear nearly identical receipt numbers (0285567HK88).

[3] Both receipts bear identical client numbers (9271189702).

[4] Both receipts bear identical transaction numbers (00827797260526).

DM_US:20719725_5

39.    Upon information and belief, a seller by the name of "Brandfashion" on <iOffer.com> has sold, and is currently selling, Counterfeit CHLOÉ Receipt Templates bearing the identical sales associate number, receipt number, credit card information, client name, client number, transaction number, and date and time of transaction as the Counterfeit CHLOÉ Receipt Templates sold by Defendant Wagner.  A true and correct copy of the complete Counterfeit CHLOÉ Receipt Template sold by Brandfashion is attached hereto as Exhibit 6.  Set forth below is a side-by-side comparison of the Counterfeit CHLOÉ Receipt Template being sold by Defendant Wagner appearing on the left and the Counterfeit CHLOÉ Receipt Template being sold by Brandfashion on the right.

Defendant Wagner's Receipt Template          "Brandfashion" Receipt Template



1.  Both receipts bear identical sales associate numbers.
2.  Both receipts bear identical receipt numbers.
3.  Both receipts bear identical credit card information.
4.  Both receipts bear an identical client name and number.

5.  Both receipts bear identical transaction numbers.
6.  Both receipts bear an identical time of purchase.
7.  Both receipts bear identical dates of purchase.

40.     Upon information and belief, individuals are selling counterfeit CHLOÉ receipt labels printed from Defendant Wagner's Counterfeit CHLOÉ Receipt Template with Counterfeit CHLOÉ Handbags on auction websites such as <eBay.com>.

41.     Upon information and belief, individuals are also attempting to return Counterfeit CHLOÉ Handbags to Chloé boutiques with counterfeit receipt labels printed from Defendant Wagner's Counterfeit CHLOÉ Receipt Template.

42.     On June 17, 2006, an unidentified individual attempted to return a Counterfeit CHLOÉ Handbag at the Paris Chloé Boutique using a counterfeit CHLOÉ receipt label purportedly from the Chloé New York boutique.  Plaintiff recently learned that said counterfeit receipt bears a striking similarity to the Counterfeit CHLOÉ Receipt Template designed and sold by Defendant Wagner.  A true and correct copy of the counterfeit CHLOÉ receipt presented to the Paris Chloé boutique is attached hereto as Exhibit 7.  The Paris counterfeit CHLOÉ receipt label bears the identical sales associate number, receipt number, client number, and transaction number as the Counterfeit CHLOÉ Receipt Template sold by Defendant Wagner.  Set forth below is a side-by-side comparison of the Counterfeit CHLOÉ Receipt Template being sold by Defendant Wagner appearing on the left and the counterfeit CHLOÉ receipt presented to the Paris Chloé Boutique on June 17, 2006 on the right.

DM_US:20719725_5

Defendant Wagner's Receipt Template    Counterfeit Receipt Returned to Paris Boutique





1. Both receipts bear identical sales associate numbers.

2. Both receipts bear nearly identical receipt numbers.

3. Both receipts bear nearly identical client numbers.

4. Both receipts bear identical transaction numbers.

16

43.     The Counterfeit CHLOÉ Receipt Template designed and offered for sale, sold, and distributed by Defendants Wagner and John Does is not a genuine CHLOÉ receipt.

44.     In addition to Defendant Wagner's sale of Counterfeit CHLOÉ Receipt Templates, Defendant Wagner has offered for sale Counterfeit CHLOÉ Handbags through <iOffer.com> and directly to consumers.

45.     On September 10, 2007, Plaintiff, through a private investigator located in New York City, purchased a "CHLOÉ" handbag direct from Defendant Wagner through her email address at napagirl77@gmail.com.

46.     Plaintiff has confirmed that the bag the New York investigator purchased from Defendant Wagner is a counterfeit reproduction of its product made from inferior materials.

47.     Set forth below is a true and accurate image of the counterfeit bag sold by Defendant Wagner to the New York investigator:



48.     Defendants Wagner and John Does have offered for sale, sold, and distributed Counterfeit CHLOÉ Receipt Templates and Counterfeit CHLOÉ Handbags without permission, authority, or license from Plaintiff and, upon information and belief, such actions were taken with full knowledge of Plaintiff's ownership of and/or exclusive rights to use and license the

DM_US:20719725_5

mark CHLOÉ and with the intent to benefit financially by trading on the significant goodwill symbolized by the strong public recognition of the mark CHLOÉ.

49.    Plaintiff did not design or create the Counterfeit CHLOÉ Receipt Templates or counterfeit CHLOÉ receipts offered for sale, sold, and distributed by Defendants Wagner and John Does, or authorize the manufacture of the Counterfeit CHLOÉ Handbags sold by Defendant Wagner, nor approve the Counterfeit CHLOÉ Receipt Templates or Counterfeit CHLOÉ Handbags.

50.    Upon information and belief, Defendants Wagner and John Does have made use of the services of numerous financial institutions including, but not limited to PayPal, in order to carry out, facilitate, complete, or ratify the unlawful transactions complained of herein or used such entities to hold, transfer, transmit, relay, maintain, or invest profits from the unlawful activities described herein.

51.    At all relevant times and in furtherance of their infringing activities, Defendants Wagner and John Does have willfully and intentionally used and continue to use Plaintiff's mark CHLOÉ on Counterfeit CHLOÉ Receipt Templates.

52.    As a result of Defendants Wagner and John Does' design, production, offering for sale, sale, advertisement, importation, and distribution of Counterfeit CHLOÉ Receipt Templates and Counterfeit CHLOÉ Handbags, the consuming public is likely to be confused, deceived, and misled into believing that Defendants Wagner's and John Does' products emanate from and/or are authorized or sponsored by Plaintiff.

### Defendant iOffer

53.    Defendant iOffer's Internet website at <iOffer.com> provides a service which enables its member sellers to advertise and sell items in what iOffer characterizes as a "trading community" to "buy, sell and trade - just like you would in real life - by negotiating."

54.    Upon information and belief, Defendant iOffer hosts an active trade in receipt templates at <iOffer.com>, including the Counterfeit CHLOÉ Receipt Template sold and

distributed by Defendants Wagner and John Does, including sellers named "Vinavica" and "Brandfashion."

55.     Upon information and belief, these templates are offered for sale and sold under various terms, most notably "receipt template," "designer receipts," and "designer receipt templates," and are offered for sale throughout Defendant iOffer's website, including the "sale" and "wanted ads" sections.

56.     Upon information and belief, the Counterfeit CHLOÉ Receipt Templates sold through iOffer.com are copies of genuine CHLOÉ receipts that are later used in connection with the sale of counterfeit goods to deceive consumers into believing that they are buying genuine CHLOÉ goods and/or used to commit fraud through returns of counterfeit or stolen goods to Chloé boutiques.

57.     Plaintiff has previously sent multiple "take-down" requests to Defendant iOffer through iOffer's normal channels for third parties claiming infringement of their intellectual property rights.

58.     Plaintiff has also sent a cease and desist letter directly to Defendant iOffer demanding Defendant iOffer terminate identified members selling Counterfeit CHLOÉ Receipt Templates and take further action within Defendant iOffer's control to prohibit the sale of counterfeit receipts at <iOffer.com>.

59.     Defendant iOffer cancelled the memberships of certain identified infringers and agreed to remove the terms "receipt template," "designer receipt," "branded receipt template," and "designer receipt template" as suggested search terms from its website. However, presently, the use of such terms is still permitted when conducting a search on Defendant iOffer's website.

60.     Despite these numerous requests, Defendant iOffer continues to provide a forum facilitating the offering for sale and sale of Counterfeit CHLOÉ Receipt Templates and continues to allow Defendant Wagner d/b/a luvlouie2 and other third parties to offer for sale and sell said counterfeit receipt templates, despite Plantiff's specific and numerous requests to cancel Defendant Wagner's membership under the alias luvlouie2.

61.    As recently as October 11, 2007, Counterfeit CHLOÉ Receipt Templates continue to be offered for sale and sold on Defendant iOffer's website by Defendant Wagner d/b/a luvlouie2. A true and correct copy of an October 11, 2007 printout from iOffer.com showing luvlouie2 as an active seller of "Designer boutique handbag receipt template" as of October 11, 2007 is attached hereto as Exhibit 9.

62.    Upon information and belief, iOffer is intentionally inducing others to infringe Plaintiff's rights in its mark CHLOÉ, knowingly continuing to provide its trading community to sellers of counterfeit receipt templates and counterfeit receipts, and continues to profit from such activities.

63.    Despite it own admissions that it has the ability to "filter out" references to illicit and counterfeit products such as "receipt templates" from its search terms, Defendant iOffer has failed to take necessary measures to stop the offering for sale and sale of counterfeit receipts templates and counterfeit receipts by its members.

64.    Despite its own admissions that it can, and has, shut down and removed all accounts and postings of specific members, and despite notice from Plaintiff, Defendant iOffer has failed to disable the account associated with "Luvlouie2," who has continued in the interim to sell Counterfeit CHLOÉ Receipt Templates.

65.    Upon information and belief, Defendant iOffer makes a profit from each sale on its website, and for its own convenience and profit, requires companies like Plaintiff, to police iOffer to bring counterfeits and infringers to iOffer's attention. This "policy" is less effective and more expensive than automatic filtering and screening of illicit and illegal activity by iOffer.

66.    The sale of Counterfeit CHLOÉ Receipt Templates facilitated and encouraged by iOffer is intended to cause and has caused confusion, mistake, or deception of the trade and public, and is intended to cause and is likely to cause the public to believe that counterfeit receipts made from the templates and sold in connection with counterfeit goods are authorized, sponsored, or approved by Plaintiff.

DM_US:20719725_5

67.    Defendant iOffer and the counterfeiters that employ its services, including Defendants Wagner and John Does, have intentionally used the mark CHLOÉ knowing that, or willfully blind to the fact that, the mark CHLOÉ is identical to Plaintiff's registered trademarks.

68.    The counterfeiters, including Defendants Wagner and John Does (d/b/a "Vinavica" and "Brandfashion"), who employ iOffer's services through its website have offered for sale their Counterfeit CHLOÉ Receipt Templates and receipts with the intent to induce the public to purchase said products as genuine products that have been made, sponsored, or approved by the producers of Plaintiff's products.

69.    Defendant iOffer knows about the continuing sale of Counterfeit CHLOÉ Receipt Templates and receipts and/or it has been willfully blind to its members' sale of this unlawful merchandise using the services Defendant iOffer provides.

70.    The activities of Defendant iOffer and the counterfeiters that employ its services, including Defendants Wagner and John Does, have resulted and are likely to result in the sale of Counterfeit CHLOÉ Handbags being passed off as genuine merchandise as a result of the counterfeit receipts.

71.    Defendant iOffer's actions and failure to act have caused and will continue to cause immediate and irreparable harm to Plaintiff and to the substantial goodwill embodied in Plaintiff's registered trademarks and said harm will continue unless this Court enjoins iOffer's unlawful activities complained of herein.

72.    Defendant iOffer's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiff's rights in its mark CHLOÉ and with intent to trade off Plaintiff's vast goodwill in its mark CHLOÉ.

## FIRST CAUSE OF ACTION

(Trademark Infringement Under Section 32(1) of the
Federal Trademark Act, 15 U.S.C. § 1114(1), and at Common Law)

73.    As a cause of action and ground for relief, Plaintiff alleges that Defendants jointly and severally are engaged in acts of trademark infringement under § 32(1) of the Federal

21

Trademark Act, 15 U.S.C. § 1114(1), and at common law and incorporates by reference ¶¶ 1 through 72 of the complaint as a part of this count.

74.    Plaintiff's mark CHLOÉ and the goodwill of the businesses associated with the mark CHLOÉ in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become associated in the public mind with the products and services of the very highest quality and reputation.

75.    Defendants' actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of Counterfeit CHLOÉ Receipt Templates and Counterfeit CHLOÉ Handbags, and are likely to deceive the public into believing that either the Counterfeit CHLOÉ Receipt Templates offered for sale or sold by Defendants, or the counterfeit receipt labels reprinted from those templates, originate from, are associated with, or are otherwise authorized by Plaintiff, thereby damaging Plaintiff's reputation, goodwill, and sales.

76.    Defendants' unauthorized use of Plaintiff's mark CHLOÉ in the manner hereinabove alleged constitutes trademark infringement in violation of § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

77.    Defendant iOffer's conduct constitutes direct, as well as contributory and vicarious trademark infringement in violation of § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

78.    Unless enjoined by this Court, Defendants will continue to engage in the aforesaid acts of trademark infringement, thereby causing Plaintiff irreparable injury for which it has no adequate remedy at law.

## SECOND CAUSE OF ACTION

(False Designation of Origin Under Section 43(a) of the
Federal Trademark Act, 15 U.S.C. § 1125(a), and at Common Law)

79.    As a cause of action and ground for relief, Plaintiff alleges that Defendants jointly and severally are engaged in acts of unfair competition under § 43(a) of the Federal Trademark

DM_US:20719725_5

Act, 15 U.S.C. § 1125(a), and at common law and incorporates by reference ¶¶ 1 through 78 of the complaint as a part of this count.

80.     Defendants' use of Plaintiff's mark CHLOÉ, as alleged above, is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the Counterfeit CHLOÉ Receipt Templates and Counterfeit CHLOÉ Handbags, and is likely to cause such people to believe, contrary to fact, that the Counterfeit CHLOÉ Receipt Templates, or the counterfeit receipts reprinted from those templates, and the Counterfeit CHLOÉ Handbags, originate from, or have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

81.     Defendants' actions in the manner alleged above constitute a false designation of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which have caused, and are likely to cause confusion, mistake, and deception, in violation of § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and constitute unfair competition at common law.

## THIRD CAUSE OF ACTION

(Trademark Dilution Under Section 43(c) of the Federal Trademark
Dilution Act, 15 U.S.C. § 1125(c), and N.Y. Gen. Bus. Law § 360-1)

82.     As a cause of action and ground for relief, Plaintiff alleges that Defendants are jointly and severally engaged in acts of trademark dilution under § 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c), as amended, and the New York Trademark Dilution Statute, N.Y. Gen. Bus. Law § 360-1, and incorporate by reference ¶¶ 1 through 81 of the complaint as a part of this count.

83.     The mark CHLOÉ is widely recognized by the general consuming public in the United States as a singular designation of the source of Plaintiff's goods and thus is a famous and distinctive mark within the meaning of § 43(c)(2)(A) of the Federal Trademark Act, 15 U.S.C. § 1125(c)(2)(A).

DM_US:20719725_5

84.    The mark CHLOÉ had become famous within the meaning of § 43(c)(2)(A) of the Federal Trademark Act, 15 U.S.C. § 1125(c)(2)(A), long prior to the acts of the Defendants complained of herein.

85.    Defendants' use of the mark CHLOÉ as alleged above in connection with the offering for sale and sale of Counterfeit CHLOÉ Receipt Templates, receipts and handbags is likely to blur and tarnish the distinctive qualities of the Plaintiff's famous mark CHLOÉ within the meaning of §§ 43(c)(2)(B) and 43(c)(2)(C) of the Federal Trademark Act, 15 U.S.C. § 1125(c)(2)(B) and 1125(c)(2)(C), respectively, and the New York Trademark Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

86.    Defendants' conduct has been undertaken with a willful intent to trade on the reputation of Plaintiff and to dilute the famous mark CHLOÉ, thereby entitling Plaintiff to damages and the other remedies available pursuant to § 43(c)(5) of the Federal Trademark Act, 15 U.S.C. § 1125(c)(2).

## FOURTH CAUSE OF ACTION

### (Deceptive Acts and Practices Under New York Statutory Law)

87.    As a cause of action and ground for relief, Plaintiff alleges that Defendants jointly and severally are engaged in deceptive trade practices in violation of N.Y. Gen. Bus. Law §§ 349-350 and incorporates by reference ¶¶ 1 through 86 of the complaint as a part of this count.

88.    Defendants' use of the mark CHLOÉ in the manner hereinabove alleged constitutes deceptive acts and practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349-350.

89.    Unless enjoined by this Court, Defendants will continue said deceptive acts and practice and false advertising, thereby causing Plaintiff immediate and irreparable damage for which it has no adequate remedy at law.

DM_US:20719725_5

## FIFTH CAUSE OF ACTION

(Misappropriation Under New York Common Law)

90.    As a cause of action and ground for relief, Plaintiff alleges that Defendants jointly and severally are engaged in the misappropriation of Plaintiff's valuable trademark rights in violation of the common law of the State of New York and incorporates by reference ¶¶ 1 through 89 of the complaint as a part of this count.

91.    Plaintiff has expended substantial time, skills, labor, and money in the creation and marketing of its handbags and other goods under the mark CHLOÉ, and sells such goods with genuine receipt labels bearing the mark CHLOÉ, and therefore has acquired legally protectable property rights.

92.    As a result of Defendants' use of the mark CHLOÉ in the manner alleged above, Defendants have profited, are profiting and, unless such acts and practices are enjoined by this Court, will continue to profit by misappropriating the time, skills, labor, and money that have been invested in Plaintiff's line of products, including handbags and paper products such as envelopes and receipt labels, that have been produced, marketed, sold, distributed, advertised, and promoted under the mark CHLOÉ, as well as the goodwill and reputation associated with them.

93.    Defendants' unlawful acts and practices as alleged herein constitute willful misappropriation of Plaintiff's valuable property rights under New York common law, thereby damaging Plaintiff.

94.    Unless enjoined by this Court, Defendants will continue said acts of misappropriation, thereby causing Plaintiff immediate and irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chloé SAS prays that:

1.    Judgment be entered for Plaintiff on each of its claims for relief.

DM_US:20719725_5

2.      Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them be immediately and permanently enjoined from:

(a)      designing, creating, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or otherwise offering for sale Counterfeit CHLOÉ Receipt Templates, Counterfeit CHLOÉ Handbags, or any other products produced by Plaintiff or confusingly similar to Plaintiff's products, that otherwise bear, contain, display or utilize Plaintiff's mark CHLOÉ, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute by blurring and/or tarnishing Plaintiff's famous mark CHLOÉ;

(b)      making or employing any other commercial use of Plaintiff's mark CHLOÉ, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or tarnish Plaintiff's mark CHLOÉ;

(c)      using any other false designation of origin, false description or representation, or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' activities, including the sale of Counterfeit CHLOÉ Receipt Templates and receipts, as well as Counterfeit CHLOÉ Handbags, are in any way sponsored, licensed, endorsed, authorized, affiliated, or connected with and/or originated from Plaintiff;

(d)      doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the products or services promoted, offered, or sponsored by Defendants emanate from or originate with Plaintiff or its

26

licensees, or are somehow sponsored, licensed, endorsed, authorized, affiliated, or connected with Plaintiff and/or originate from Plaintiff;

(e)    removing, returning, or otherwise disposing of, in any manner, any Counterfeit CHLOÉ Receipt Templates, Counterfeit CHLOÉ Handbags, or any other products confusingly similar to Plaintiff's products, or that otherwise bear, contain, display or utilize Plaintiff's mark CHLOÉ, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or tarnish Plaintiff's famous mark CHLOÉ;

(f)    secreting, destroying, altering, removing, deleting all electronic copies, or otherwise dealing with the unauthorized products or means of making such marks and products, or any books, documentation or records thereto (electronic or otherwise) which contain any information relating to designing, creating, importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe Plaintiff's mark CHLOÉ;

(g)    further diluting and infringing Plaintiff's mark CHLOÉ and damaging Plaintiff's goodwill;

(h)    otherwise competing unfairly with Plaintiff or any of its authorized licensees in any manner; and

(i)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (h), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (h).

27

3.    Direct Defendants to account for and pay to Plaintiff their profits attributable to the conduct complained of herein and order that Plaintiff recover its damages arising out of the acts of infringement, as well as unfair competition and trademark dilution under §§ 32(1), 43(a), and 43(c) of the Federal Trademark Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), respectively, described above, and a sum equal to three times such profits or damages (whichever is greater), pursuant to §§ 35(a) and 35(b) of the Federal Trademark Act, 15 U.S.C. §§ 1117(a)and 1117(b).

4.    Defendants be required to pay to Plaintiff the costs of this action and, pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(b), enter judgment for three times Defendants' profits or Plaintiff's damages, whichever is greater, together with reasonable attorneys' fees.

5.    Award Plaintiff Chloé statutory damages of $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to § 35(c) of the Federal Trademark Act, 15 U.S.C. § 1117(c).

6.    Award Plaintiff Chloé punitive damages pursuant to New York State common law (as preserved by N.Y. Gen. Bus. Law § 360-o) on account of Defendants' gross, wanton, willful, and malicious conduct.

7.    Direct Defendants to permanently delete and remove and recall from all websites, blogs, online auctions, stores, shops, markets, outlets, catalogues, or other channels of commerce any Counterfeit CHLOÉ Receipt Templates, any Counterfeit CHLOÉ Handbags, or any other product confusingly similar to Plaintiff's products, or that otherwise bear, contain, display or utilize Plaintiff's mark CHLOÉ, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or tarnish Plaintiff's Marks CHLOÉ, including with respect to Defendant iOffer, prior or old postings by terminated members, including but not limited to "want ads," that are in Defendants' possession, custody, or control and all means of making the same.

8.  In accordance with § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, direct Defendants to deliver up for destruction all Counterfeit CHLOÉ Receipt Templates, all Counterfeit CHLOÉ Handbags, and/or any other products confusingly similar to Plaintiff's products, or that otherwise bear, contain, display, or utilize Plaintiff's mark CHLOÉ, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or tarnish Plaintiff's mark CHLOÉ, that are in Defendants' possession, custody, or control and all means of making the same.

9.  In accordance with § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, direct Defendants to deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising and promotional matter, electronic files, and other materials in the possession or control of Defendants bearing Plaintiff's mark CHLOÉ, any derivation or colorable imitations thereof, or any mark confusingly similar thereto.

10.  Direct Defendants to supply Plaintiff with a complete list of entities from whom they purchased and to whom they distributed and/or sold Counterfeit CHLOÉ Receipt Templates, Counterfeit CHLOÉ Handbags, or any other products confusingly similar to Plaintiff's products, or that otherwise bear, contain, display or utilize Plaintiff's mark CHLOÉ, any derivation or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or tarnish Plaintiff's mark CHLOÉ.

11.  Direct Defendants to file with the Court and serve on counsel for Plaintiff Chloé within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to § 34(a) of the Federal Trademark Act, 15 U.S.C. § 1116(a), setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action.

12.  Pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), award Plaintiff Chloé its reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of Defendants' intentional and willful infringement.

DM_US:20719725_5

13.     Order that any of Defendant Wagner's assets that are held by or within the control of entities that are subject to the jurisdiction of this Court, be restrained and frozen pending the outcome of this action so that Plaintiff's right to the damages set forth in this Complaint is not later rendered meaningless.

14.     Order that Defendants not communicate to third parties the subject matter of this action to prevent Defendants from informing suppliers, customers, or others involved in the illegal and infringing activities alleged herein.

15.     Award Plaintiff Chloé such other and further relief as the Court deems just and proper.

DM_US:20719725_5

Dated:  New York, New York

October 15, 2007

Respectfully submitted,

HOWREY, LLP

By: _____

Ethan E. Litwin
James G. McCarney
Amory W. Donnely
HOWREY, LLP
Citigroup Center
153 E. 53rd St, 54th Floor
New York, NY 10022
(212) 896-6500
(212) 896-6501

Susan M. Kayser (*pro hac vice* application
pending)
Alan S. Cooper (*pro hac vice* application
pending)
David M. Jaquette (*pro hac vice* application
pending)
1299 Pennsylvania Ave. NW
Washington, DC 20004
(202) 383-0800
(202) 383-6610

*Attorneys for Plaintiff Chloé SAS*

Exhibit 1

**Int. Cl.: 16**

**Prior U.S. Cls.: 2, 22, 37 and 38**

**Reg. No. 1,513,535**

## United States Patent and Trademark Office
Registered Nov. 22, 1988

## TRADEMARK
### PRINCIPAL REGISTER

## CHLOE

CHLOE SOCIETE ANONYME (FRANCE COR-
PORATION)
71 AVENUE FRANKLIN ROOSEVELT
PARIS, FRANCE

FOR: PAPER BAGS, BOOKS, MAGAZINES
AND NEWSPAPERS DEALING WITH FASH-
ION, FRAGRANCES, INTERIOR DECORATING
AND RELATED SUBJECTS, CARDBOARD
AND PAPER BOXES, PENCIL BOXES, CALEN-
DARS, ANNOUNCEMENT CARDS, BUSINESS
CARDS, FILE CARDS, NOTE CARDS, PENCIL
CASES, CARDBOARD AND PAPER CONTAIN-
ERS, PRINTED EMBLEMS, ENVELOPES,
PAPER HANDKERCHIEVES, CHECKBOOK
HOLDERS, PRINTED LABELS, WRITING
PAPER, PRINTED PATTERNS, CLOTHES PAT-
TERNS, PENS, PENCILS, PHOTOGRAPHS,
PLAYING CARDS, POSTERS, SKETCHES,
STENCILS AND STICKERS, IN CLASS 16 (U.S.
CLS. 2, 22, 37 AND 38).

PRIORITY CLAIMED UNDER SEC. 44(D) ON
FRANCE APPLICATION NO. 854175, FILED
5–5–1987, REG. NO. 1406755, DATED 5–5–1987,
EXPIRES 5–5–1997.

OWNER OF U.S. REG. NOS. 950,843, 1,447,853
AND OTHERS.

SER. NO. 666,087, FILED 6–10–1987.

AMOS T. MATTHEWS, JR., EXAMINING AT-
TORNEY

Int. Cls.: 3, 9, 18, 24, 25 and 26

Prior U.S. Cls.: 1, 3, 21, 26, 39, 40, 41, 42, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 1,491,810
Registered June 14, 1988

## TRADEMARK
### PRINCIPAL REGISTER

## CHLOE

CHLOE SOCIETE ANONYME (FRANCE COR-
PORATION)
71 AVENUE FRANKLIN ROOSEVELT
PARIS, FRANCE

FOR: PERFUME, TOILET WATER, CO-
LOGNE, BATH AND SHOWER GEL, TALCUM
POWDER, BODY LOTION, BODY CREAM,
PERSONAL DEODORANT, BEAUTY OR BATH
SOAP, BATH SALTS, ALL PURPOSE CLEAN-
ING PREPARATIONS, MAKEUP, HAIR SHAM-
POO, TOOTHPASTE AND HAIR LOTION, IN
CLASS 3 (U.S. CLS. 51 AND 52).

FOR: EYEGLASSES, SUNGLASSES, CALCU-
LATORS, DRESSMAKER'S MEASURES, ELEC-
TRIC FLATIRONS AND OPTICAL LENSES, IN
CLASS 9 (U.S. CLS. 21 AND 26).

FOR: FUR AND PELTS SOLD IN BULK,
HANDBAGS, PURSES, TRAVEL CASES, TRAV-
ELLING BAGS, PARASOLS, UMBRELLAS
AND WALKING STICKS, IN CLASS 18 (U.S.
CLS. 1, 3 AND 41).

FOR: TEXTILE FABRICS FOR USE IN THE
MANUFACTURE OF CLOTHING, LINING MA-
TERIAL FOR USE IN THE MANUFACTURE
OF CLOTHING, BED LINEN, BATH LINEN,
HANDKERCHIEFS AND CLOTH LABELS, IN
CLASS 24 (U.S. CL. 42).

FOR: APRONS, BATHROBES, BATHING
SUITS, BERETS, WAISTS OF LADIES
DRESSES, COATS, COLLARS, CUFFS,
DRESSES, FUR STOLES, FUR JACKETS AND
COATS, HATS, HOSIERY, JACKETS, GLOVES,
TIES, SHIRTS, BLOUSES, TROUSERS, SKIRTS,
LINGERIE, VEILS, SCARVES, SHAWLS,
BOOTS, SHOES AND SLIPPERS, IN CLASS 25
(U.S. CL. 39).

FOR: ARTIFICIAL FLOWERS AND FRUIT,
HAIRBANDS, BRAIDS, BUCKLES AND
CORDS, NEEDLES, PINS, LACE, EMBROI-
DERY, RIBBONS, HAIR ORNAMENTS, BUT-
TONS, HOOKS AND EYES, IN CLASS 26 (U.S.
CL. 40).

PRIORITY CLAIMED UNDER SEC. 44(D) ON
FRANCE APPLICATION NO. 813907, FILED
9–12–1986, REG. NO. 1370314, DATED 9–12–1986,
EXPIRES 9–12–1996.

OWNER OF U.S. REG. NOS. 950,843, 1,447,853
AND OTHERS.

SER. NO. 648,744, FILED 3–10–1987.

RICHARD A. STRASER, EXAMINING ATTOR-
NEY

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 950,843
Registered Jan. 16, 1973
Renewal Term Begins Jan. 16, 1993

## TRADEMARK
## PRINCIPAL REGISTER

# Chloé

CHLOE SOCIETE ANONYME (FRANCE CORPORATION)
71 AVENUE FRANKLIN ROOSEVELT
75008 PARIS, FRANCE

OWNER OF FRANCE REG. NO. 464837, DATED 5-10-1957.

FOR: LADIES' ARTICLES OF CLOTHING FOR OUTERWEAR—NAMELY, FROCKS, DRESSES, COATS, COSTUMES, SUITS, SKIRTS, BLOUSES, VESTS AND PANT-SUITS; [FUR COATS,] VESTS, HATS AND TIES; AND LADIES' SHOES, IN CLASS 39 (INT. CL. 25).

SER. NO. 72-392,040, FILED 5-14-1971.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on May 11, 1993.*

**COMMISSIONER OF PATENTS AND TRADEMARKS**

Int. Cl.: 3

Prior U.S. Cl.: 51

Reg. No. 1,020,289

**United States Patent and Trademark Office**  Registered Sep. 16, 1975

10 Year Renewal  Renewal Term Begins Sep. 16, 1995

## TRADEMARK
## PRINCIPAL REGISTER

# Chloé

CHLOE S.A. (FRANCE CORPORATION)
54–56 RUE DU FAUBOURG
SAINT HONORE
75008 PARIS, FRANCE, ASSIGNEE OF
  KARL LAGERFELD K.L. PRODUC-
  TIONS, S.A. (FRANCE CORPORA-
  TION) PARIS, FRANCE

FOR: PERFUME, IN CLASS 3 (U.S. CL. 51).

FIRST USE 4–9–1974; IN COMMERCE 4–9–1974.

SER. NO. 73–021,091, FILED 5–9–1974.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Feb. 27, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 3

Prior U.S. Cl.: 51, 52

United States Patent and Trademark Office

Reg. No. 1,103,275
Registered Oct. 3, 1978

## TRADEMARK
### Principal Register

# Chloé

Karl Lagerfeld K.L. Productions, S.A. (French corpora-
tion)
71 Franklin Roosevelt
Paris, France

For: SCENTED SOAPS, SCENTED BODY POW-
DERS, BODY LOTIONS AND BODY CLEANSING
GELS, in CLASS 3 (U.S. CLS. 51 and 52).
    First use Mar. 22, 1977; in commerce Mar. 22, 1977.
Owner of Reg. No. 1,020,289.

    Ser. No. 151,282, filed Dec. 6, 1977.

M. MERCHANT, Examiner

Int. Cls.: 14, 18, 24 and 25

Prior U.S. Cls.: 3, 28, 39 and 42

Reg. No. 1,182,862

**United States Patent and Trademark Office** Registered Dec. 22, 1981

## TRADEMARK
### Principal Register

# Chloé

Chloe, Societe Anonyme (France corporation)
71 Avenue Franklin Roosevelt
Paris, France 8

For: JEWELRY—NAMELY, DRESS JEWEL-RY, in CLASS 14 (U.S. Cl. 28).
First use Dec. 31, 1974; in commerce Dec. 31, 1974.
For: LEATHER GOODS—NAMELY, HAND-BAGS, SUITCASES AND LUGGAGE, in CLASS 18 (U.S. Cl. 3).
First use Sep. 30, 1973; in commerce Sep. 30, 1973.
For: FABRICS—NAMELY, DRAPERY AND UPHOLSTERY FABRIC AND LINING FOR HANDBAGS, in CLASS 24 (U.S. Cl. 42).
First use Jun. 30, 1977; in commerce Jun. 30, 1977.
For: CLOTHING—NAMELY, BELTS,

SCARVES, FROCKS, DRESSES, COATS, COS-TUMES, SUITS, SKIRTS, BLOUSES, VESTS AND PANTSUITS, HATS AND TIES AND LA-DIES SHOES, FUR COATS, JACKETS, STOLES, HATS, MUFFS, CAPES, FUR-LINED RAIN-COATS AND SAID GARMENTS MADE OF SKIN, LINGERIE, in CLASS 25 (U.S. Cl. 39).
First use Sep. 30, 1970; in commerce Sep. 30, 1970.
Owner of U.S. Reg. Nos. 950,843 and 1,143,167.

Ser. No. 242,506, filed Dec. 11, 1979.

PAUL F. GAST, Primary Examiner

TERESA M. RUPP, Examiner

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 1,925,176

# United States Patent and Trademark Office

Registered Oct. 10, 1995

## TRADEMARK
### PRINCIPAL REGISTER

## CHLOE

CHLOE SOCIETE ANONYME (FRANCE SOCIE-
TE ANONYME)
54–56 RUE DE FAUBOURG SAINT HONORE
75008 PARIS, FRANCE

FOR: SUNGLASSES, SPECTACLE FRAMES
AND PARTS THEREOF, NAMELY EAR-
PIECES, LENSES, CORDS, CHAINS, CASES
AND CONTAINERS FOR SUCH SUNGLASSES
AND SPECTACLE FRAMES, IN CLASS 9 (U.S.
CLS. 21, 23, 26, 36 AND 38).

OWNER OF FRANCE REG. NO. 1370314,
DATED 9–12–1986, EXPIRES 9–12–1996.

OWNER OF U.S. REG. NOS. 950,843, 1,591,790
AND OTHERS.

SER. NO. 74–541,575, FILED 6–22–1994.

ESTHER BELENKER, EXAMINING ATTOR-
NEY

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

**United States Patent and Trademark Office**

Corrected

Reg. No. 2,745,487

Registered Aug. 5, 2003

OG Date Dec. 2, 2003

## TRADEMARK
## PRINCIPAL REGISTER

### CHLOE

CHLOE SOCIETE ANONYME (FRANCE SOCIETE ANONYME),
54-56 RUE DU FAUBOURG SAINT HON-ORE
75008 PARIS, FRANCE
   OWNER OF FRANCE REG. NO. 1428213, DATED 9-23-1987, EXPIRES 9-23-2007.
   OWNER OF U.S. REG. NOS. 1,020,289, 1,182,862 AND 1,491,810.

FOR: JEWELRY; HOROLOGICAL AND CHRONOMETRIC INSTRUMENTS, NAMELY, WATCHES AND CLOCKS; WATCH STRAPS; PARTS AND FITTINGS FOR ALL THE AFORESAID GOODS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50). .

SER. NO. 75-611,908, FILED 12-24-1998.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Dec. 2, 2003.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 3,198,388

United States Patent and Trademark Office

Registered Jan. 16, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# CHLOE

CHLOE SOCIÉTÉ ANONYME (FRANCE COMPA-
NY)

54/56 RUE DU FAUBOURG SAINT HONORÉ

75008 PARIS, FRANCE

FOR: OPTICAL APPARATUS AND INSTRU-
MENTS, NAMELY, SPECTACLES, SUNGLASSES,
EYEGLASSES, EYE SHADES, AND CONTACT LEN-
SES, AND FRAMES, EARPIECES, LENSES, CORDS,
CHAINS, CASES AND CONTAINERS THEREFORE,
IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF ERPN CMNTY TM OFC REG. NO.
003683661, DATED 9-21-2005, EXPIRES 3-5-2014.

OWNER OF U.S. REG. NO. 1,925,176.

SER. NO. 78-752,377, FILED 11-11-2005.

DEZMONA MIZELLE, EXAMINING ATTORNEY

Exhibit 2

Chloé



# Chloé

P A R I S

54,56 Rue Du Faubourg Saint-Honore
75008 PARIS FRANCE
Tel. + 33 (0)1 4494 3300

SALE

SALES ASSOCIATE NO: 31545825



| 0285567HK88 | 2.35PM |
|---|---|
| CHLOE PADDINGTON WHITE   (1) | EUR 980.88 |
| 4SSA15-4S404 LEATHER | |
| | |
| TOTAL | EUR 1,220.00 |

ITEM SOLD (1)
ITEM RETURED (0)

VISA XXXX XXXX XXXX 2713
EXP DATE 07/08

SALE APPROVED EUR 1,220.00
VAT INCLUDED

CLIENT NAME
MS JACQUELINE FIELD
CLIENT NUMBER 92711892702



07/12/2004
TRANSACTION NUMBER 00827797260526

CHLOÉ FRANCE
Goods must be in original packaging and
condition.
Subject to examination.
Seasonal items must be exchanged within 7 days.
No cash refunds

THANK YOU, HAVE A NICE DAY!

Thanks for buying my template for Chloe receipts. This template was made completely by myself and is a replica of an original boutique receipt. You can now customise this for yourself by changing the store address, bags style, price, date ect.

Chloe receipts are printed on standard A4 paper. You should cut it to this size:

W 15" x  H 19.5"

As stated in the ad, I give you full rights to print and sell these receipts, but I do not give the rights to resell the template.

Enjoy!

# Chloe Boutiques:

**Chloe**
650 Madison Avenue
New York City, NY 10021
+ 1-212-717-8220

**Boutique Chloé**
28, r Mairie, 81230 Lacaune, France
+33 5 63 37 09 07

**La Boutique de Chloé**
8, pl Révelin, 83510 Lorgues, France
+33 4 94 73 23 52

**Chloe**
Muelle Ribera (Puerto Banús) 16, 29660 Marbella, Spain
+34 952 907 038

**Chloe** Boutique S.l.
Gral. Díaz Porlier 15, 28001 Madrid, Spain
+34 915 778 485

**Chloe**
San Prudencio 13, 01005 Vitoria-gasteiz, Spain
+34 945 139 091

To fill out the receipt, just change the details provided with the details you need.
An easy way to find the details of an item is by using the search engine provided by the designer at their website.

## DESIGNERS WEBSITES :-

Bergdorf Goodman  :- www.bergdorfgoodman.com
Neiman Marcus      :- www.neimanmarcus.com
Saks of Fifth Avenue:- www.saksfifthavenue.com
Prada                :- www.prada.com
Tiffany and Co.       :- www.tiffany.com


## STORE LOCATIONS :-

To find the store location / address details :-
**NEIMAN MARCUS :-**
http://www.neimanmarcus.com/store/info/index.jhtml?_loopback=1
**BERGDORF GOODMAN :-**
http://www.bergdorfgoodman.com/store/catalog/template/catF7.jhtml?itemId=cat14
0010&parentId=catstore&masterId=cat000000&cmCat=
**SAKS OF FIFTH AVENUE :-**
http://www.saksfifthavenue.com/stores/stores.jsp
**PRADA :-**
http://www.pradaparfums.com/
**TIFFANY AND CO. :-**
http://www.tiffany.com/International.aspx

## FINDING AN ITEM DESCRIPTION, PRICE AND SALES CODE /NUMBER:-

To find the item sales code or number for your specific item you just need to go to the appropriate website and click on the item required as if you are going to purchase it, a detailed page will appear telling you about the item and asking if you want to purchase it, or put it in the shopping cart. You will see the item description and next to it the sales number or code and also the price.

## PAPER:-
The paper required for the above receipts is standard receipt paper,it has a slightly glossy appearance and is slightly thinner than copy paper, which in general is 20LB(80gsm). A paper of 16LB (60 gsm) or less would be a better thickness.
A good paper/stationery/office supplies shop will have what you need.
The PRADA receipt however is a light blue color like the pictures provided below.



**Helpful Hint:** If possible make a copy of the receipt that you print and give the copy to your customer. This helps cover any minor imperfections. If you put more items than you are selling on the receipt you have an excuse to still need the original.

# Introduction:

This ELuxury.com template will allow you to recreate ANY ELuxury.com receipt you may have misplaced. There are  easy to use tutorials and files to guide you along your way. Files will be WORD documents.. All files have been screened for viruses and worms but it is advisable that you run a virus scan on all fines before opening.  All the work has been done for you in this program – just input the information and print.


Items made using these files are intended for novelty purposes only. The author is not representing or affiliated with ELuxury.com and is not responsible for actions of those using this product. If you are affiliated with ELuxury.com or working for ELuxury.com please do not access or use these files . If you are not agreeing to these terms, you are violating code 431.322.12 of the Internet Privacy Act signed by Bill Clinton in 1995.

IF YOU RECEIVED THESE FILES VIA DOWNLOAD, PLEASE BACK THEM UP ON CD OR COMPUTER BEFORE USING.


# Files included

1. ELux Instructions.doc – How to instructions for receipts.
2. ELux Receipt Template.doc – Blank Template for Receipt

# Receipt & Envelope Template Instructions:

All you need to do is open the WORD file, and add your information. A sample of the information you will need, the correct fonts and colors along with the hologram/water mark has already been formatted. Here are the supplies and files you will need to make the receipts and envelopes

**RECIEPTS:**

1. Premium 25% Cotton Ivory Linen Paper Heavyweight 24 Lbs. Not just any Linen Paper will do. The paper needs to be free and ANY watermarks. OfficeMax makes a watermark free ivory linen paper. You can find it at www.officemax.com. Another source is Riverside Paper Company.. You can find it Target Stores or contact them directly at:
    Riverside Paper Company
        110 N. Kensington Drive
        P.O. Box 179, Appleton, WI 54912-0179
        Phone: 920-991-2212
        Fax: 920-991-2313
        E-mail: riverprp@athenet.net

**ENVELOPES:**

Envelopes are easy. Here are the files and supplies you will need:

1. Premium 25% Cotton Ivory Linen Paper Envelopes WITHOUT watermarks and a pointed flap. These are hard to find. Try OfficeMax again or a specialty stationary store.
2. Files "Envelope Front.doc", Envelope Back.doc".

Instructions:

1. Insert the Envelope in the printer so it will print the non-flap/front. Open up the file "Envelope Front.doc" and print using best quality setting.
2. Open up "Envelope Back.doc". Fill in the address with the same store information on the receipt. Make sure that the address is all in one line.
3. Turn envelope over so it will print on the other side.
4. Be sure to do a test print to assure formatting and placement.

# Receipt & Envelope Template Instructions:

I have made it easy for you to make your own Louie Vuitton receipt. All you need to do is open the WORD file, "LV Receipt Template.doc" and add your information. A sample of the information you will need, the correct fonts and colors along with the hologram/water mark has already been formatted. Here are the supplies and files you will need to make the receipts and envelopes:

**RECIEPTS:**

1. Premium 25% Cotton Ivory Linen Paper Heavyweight 24 Lbs. Not just any Linen Paper will do. The paper needs to be free and ANY watermarks. OfficeMax makes a watermark free ivory linen paper. You can find it at www.officemax.com. Another source is Riverside Paper Company.. You can find it Target Stores or contact them directly at:
   Riverside Paper Company
          110 N. Kensington Drive
          P.O. Box 179, Appleton, WI 54912-0179
          Phone: 920-991-2212
          Fax: 920-991-2313
          E-mail: riverprp@athenet.net

2. Files: "LV Receipt Template.doc" and "LV Receipt Template Back.doc" for letter size receipts.
3. Files: "LV Receipt Template 6x7.doc" and "LV Receipt Template Back 6x7.doc" for letter size receipts.
4. Paper cutter for 6x7 receipt ONLY.

Instructions For Letter Size:

1. Open up the "LV Receipt Template.doc" first. As you can see all the fonts, colors and fields have been filled in for you. All you need to do is overwrite the information with your own information. Remember, if you are making a receipt for someone, they should be giving you all the information.
2. First fill in the store information. You will find a list of Louis Vuitton Boutiques in the file "LV Store Locations.doc". If you need more information go to the www.vuitton.com. A complete list all stores are there.
3. Next fill the item information. You can find a list of the most popular item numbers and prices in the spreadsheet "LV Price & Model Number List.xls". If the information is not there then you might be able to search of Ebay, Ioffer or a basic Google search.
4. Payment information: I have shown how to set up the information for a credit card but it can be altered for any type of payment.

Barcode: The barcode for this receipt has been inserted. Most receipts do not have a barcode so just take it out. If you want to add one, I have added a few barcodes already. If you need a barcode for another model, go to this link "http://search.netscape.com/ns/boomframe.jsp?query=barcode+generator&page=1&offset=0&result_url=redir%3Fsrc%3Dwebsearch%26requestId%3D3a7a51311355c95e%26clickedItemRank%3D1%26userQuery%3Dbarcode%2Bgenerator%26clickedItemURN%3Dhttp%253A%252F%252Fwww.barcodesinc.com%252Fgenerator%252Findex.php%26invocationType%3D-%26fromPage%3DNSCPIndex2%26amp%3BampTest%3D1&remove_url=http%3A%2F%2Fwww.barcodesinc.com%2Fgenerator%2Findex.php"
All the fields have been set for you, just enter the name of the item under the "VALUE" field. There are also some great barcode software programs out there. You can find them at www.cnet.com or www.downloads.com. Most you can only use for a trial basis but there is enough there to get you started.

5. Print out the receipt using your best printing setting. Be sure to test your printer setting if you are printing for the first time.
6. Once you have printed out the receipt, open up the "LV Receipt Template Back.doc". Turn the receipt over so it will print on the back. Print, everything has been pre-set for you. This will print the hologram on the back. It should line up with the hologram on the front.
7. You are finished and can admire your work.

Instructions For 6x7 Size:

1. Open up the "LV Receipt Template 6x7.doc" first. As you can see all the fonts, colors and fields have been filled in for you. All you need to do is overwrite the information with your own information. Remember, if you are making a receipt for someone, they should be giving you all the information.
2. Follow Steps 2 through 5 as above.
3. Once you have printed out the receipt, open up the "LV Receipt Template Back 6x7.doc". Turn the receipt over so it will print on the back. Print, everything has been pre-set for you. This will print the hologram on the back. It should line up with the hologram on the front.
4. Using a paper cutter trim 1" from the right and left margins, making the receipt 7" WIDE. Then, MEASURE 6" FROM THE TOP MARGIN and trim off the excess.
5. You are finished and can admire your work.

**ENVELOPES:**

Envelopes are easy. Here are the files and supplies you will need:

1. Premium 25% Cotton Ivory Linen Paper Envelopes WITHOUT watermarks and a pointed flap. These are hard to find. Try OfficeMax again or a specialty stationary store.

2. Files "LV Envelope Front.doc", LV Envelope Back.doc".

Instructions:

1. Insert the Envolope in the printer so it will print the non-flap/front. Open up the file "LV Envelope Front.doc" and print using best quality setting.
2. Open up "LV Envelope Back.doc". Fill in the address with the same store information on the receipt. Make sure that the address is all in one line.
3. Turn envelope over so it will print on the other side.
4. Be sure to do a test print to assure formatting and placement.

Exhibit 3

# Chloé

850 MADISON AVENUE - NEW YORK, NY 10021
TEL (212) 717-8220 - FAX (212) 717-2193

*Purchased by :*

[Redacted]

**DUPLICATE**

**Invoice number:** 305302070403020

107479 Noel Incas

*Sold by:*
Client copy

April 3rd, 2007

| | Quantity | Retail Price | Extended Amount |
|---|---|---|---|
| BELT, ROCHE, Medium<br>Article # 7SC004409002 | 1 | 520.00 | 520.00 |
| BELT, MOKA, Medium<br>Article # 7SC004409005 | 1 | 520.00 | 520.00 |
| TEE SHIRT, TRUFFE, X Small<br>Article # 7ETS04080005 | 1 | 315.00 | 315.00 |
| PULLOVER, NAVY, Small<br>Article # 7ET541540010 | 1 | 950.00 | 950.00 |
| DRESS, MARBE, 36<br>Article # 7ER110013002 | 1 | 4,480.00 | 4,480.00 |

| | |
|---|---|
| Subtotal | 6,785.00 |
| Tax | 568.24 |
| **Total** | **7,353.24** |

**NO REFUNDS**
**STORE CREDIT OR EXCHANGE WITHIN 7 DAYS**
**ALL DISCOUNTS AND SALES ITEMS ARE FINAL**

VISA           Amt.      7,353.24
###########4642

Thank You for Your Visit

www.chloe.com

850 MADISON AVENUE, NEW YORK, NY 10021
TEL: (212) 717-8220    FAX: (212) 717-2193