UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
CHLOE SAS,             :

            Plaintiff,     :     07 CV 8861 (CSH)(MHD)

   -against-       :

MELISSA WAGNER d/b/a "NAPAGIRL,"
JOHN DOES I-V and iOFFER, INC.    :

            Defendants.    :
------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06-10-08

## FINAL JUDGMENT AND PERMANENT INJUNCTION

There being no genuine issues of fact or law in dispute between the parties; all matters in this civil action having been settled; and this action being in condition for entry of Final Judgment, it is:

HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the parties and over the subject matter of this action under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121(a), and the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Personal jurisdiction is proper over Defendant Melissa Wagner ("Defendant Wagner") pursuant to N.Y.C.P.L.R. § 302(a) because Defendant Wagner has offered to sell and sold counterfeit receipt templates bearing the mark CHLOE and a counterfeit handbag bearing the mark CHLOE to consumers within this Judicial District.

2. Plaintiff, Chloé SAS ("Plaintiff" or "Chloé"), is a corporation organized and existing under the laws of the Republic of France, with its principal place of business located at 5/7 Avenue Percier, 75008 Paris, France. Chloé and its licensees and affiliates

are the sole and exclusive distributors in the United States of handbags, receipt labels, and other products bearing the trademark CHLOE.

3. Defendant Wagner is an individual having her principal place of business at 18221 Boxwood Court, Hidden Valley Lake, California 95467.

4. Plaintiff filed a Complaint on October 15, 2007, against *inter alia* Defendant Wagner, asserting claims for trademark infringement, false designation of origin, unfair competition, trademark dilution, deceptive acts and practices, and misappropriation in violation of §§ 32(1), 43(a) and 43(c) of the Federal Trademark Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c), respectively, and the statutes and common law of the State of New York, all with respect to Plaintiff's famous mark CHLOE used by Defendant Wagner in connection with the marketing and sale of counterfeit receipt templates and handbags bearing the mark CHLOE.

5. Chloé has extensively used and advertised the trademark CHLOE in connection with a wide variety of goods, including but not limited to handbags, receipts and other printed labels, and it is the exclusive owner of Registration Nos. 1,513,535; 1,491,810; 950,843; 1,020,289; 1,103,275; 1,182,862; 1,925,176; 2,745,487; and 3,198,388, which are all valid, subsisting and enforceable.

6. Defendant Wagner has violated the Federal Trademark Act as amended, 15 U.S.C. §§ 1051, *et seq.* and New York law through her (i) unauthorized sale of counterfeit receipt templates bearing Plaintiff's mark CHLOE on numerous blogs, internet websites, and auction forums, including iOffer.com, and (ii) unauthorized sale of a counterfeit CHLOE handbag.

7.  On October 15, 2007, this Court entered an *ex parte* temporary restraining order against Defendant Wagner and also granted a seizure order to be executed at Defendant Wagner's principal place of business.

8.  Plaintiff executed the seizure on October 18, 2007 at Defendant Wagner's regular place of business identified above (the "Seizure") and seized numerous items evidencing Defendant Wagner's offering for sale and sale of CHLOE receipt templates and counterfeit handbags.

9.  Defendant Wagner, her agents, representatives, successors, assigns, attorneys-in-fact, and all those persons in active concert or participation with her are hereby permanently enjoined from:

(a) Any and all uses of the trademark CHLOE or colorable imitations thereof, including but not limited to use on any Internet web site, or use of the trademark CHLOE in connection with receipts, receipt templates, labels, handbags and the advertisement of the same;

(b) Designing, manufacturing, importing, distributing, offering for sale, selling, and/or otherwise disposing of any receipt templates, "receipts", labels or envelopes, or the means for creating the same, purporting to be for the sale of goods bearing the trademark CHLOE or colorable imitation thereof, or other fashion brand names;

(c) Designing, manufacturing, importing, distributing, offering for sale, selling, and/or otherwise disposing of any handbags or other articles of merchandise bearing the trademark CHLOE or colorable imitation thereof, as well as designing, manufacturing, importing, distributing, offering for sale, selling and/or otherwise disposing of any products bearing the trademarks of any Richemont group company;

(d) Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant Wagner is connected with, sponsored by, licensed

by, or approved by, Chloé, or that Wagner's goods are sponsored by, licensed by, or approved by Chloé;

and

(e)   Otherwise infringing or diluting the trademark CHLOE.

10.   Within five (5) days after entry of the Final Judgment, Defendant Wagner shall: (1) destroy all receipts, receipt templates, documents, labels, signs, prints, packages, receptacles, and advertisements, including electronic copies, in her possession or control bearing the trademark CHLOE; (2) remove and disable all listings originated by Wagner or within her control on any website offering for sale or advertising receipts or receipt templates or counterfeit CHLOE merchandise; (3) provide a complete list of Defendant Wagner's customers for the receipt templates; and (4) provide written confirmation to Chloé of compliance with this paragraph.

11.   There being no just reason for delay, the Clerk of this Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Consent Judgment forthwith.

12.   In accordance with § 34 of the Federal Trademark Act, 15 U.S.C. §1116, the Clerk of the Court shall notify the Commissioner of Patents and Trademarks of the entry of this Final Judgment who shall enter it upon the records of the United States Patent and Trademark Office.

13.   This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment.

SO ORDERED at New York, New York, this _10_ day of _May_, 2008.

_____
Charles L. Haight
United States District Judge

JOHN G KOELTL,
U.S.D.J.
Part I

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

- 4 -

DM_US:21027188_3

The parties hereby consent to the entry of the foregoing Final Judgment and waive any and all rights of appeal.

| CHLOÉ SAS | MELISSA WAGNER |
|---|---|
| By: *[signature]* | By: *[signature]* Melissa Wagner |
| Name: Susan M. Kayser | Name: Melissa Wagner |
| Title: Counsel for Plaintiff | Title: |
| Dated: 5/30/08 | Dated: 5/2/08 |

DM_US:21027188_3